**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

YOSELYN WRIGHT

      Plaintiff,

      v.

CLEVELAND CLINIC FLORIDA,
a non-profit corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, YOSELYN WRIGHT ("Plaintiff"), pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("the FMLA"), files her Complaint for Damages and Demand for Jury Trial against Defendant, CLEVELAND CLINIC FLORIDA, a non-profit corporation ("Defendant"), and alleges as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Defendant is a Florida not for profit corporation with its registered principal business address at 2950 Cleveland Clinic Blvd., Weston, FL 33331.

3. At all times material hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) attempted to take leave for a serious health condition as that term is defined under the FMLA; and (b) was employed by Defendant for at least 12 months and

worked at least 1,250 hours during the relevant 12-month period prior to exercising her right to FMLA leave.

## JURISDICTION AND VENUE

4. All acts and omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

5. Jurisdiction is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1331 and 1337.

6. Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from approximately March 11, 2018 until her unlawful termination on January 5, 2021.

8. At all times material hereto, Plaintiff performed her job competently and was qualified for her job position.

9. In or around November 2018, Ms. Wright became extremely sick and was hospitalized with ossification of the posterior longitudinal ligament of the spine ("OPLL") and cervical radiculopathy.

10. Plaintiff advised her supervisors of her OPLL and cervical radiculopathy diagnoses immediately thereafter.

11. OPLL and cervical radiculopathy are qualifying conditions for FMLA leave.

12. Plaintiff submitted an FMLA request on December 17, 2020 because she had a neck surgery scheduled on January 11, 2021.

13. On December 22, 2020, Plaintiff's condition exacerbated, requiring her to visit her physician at the Cleveland Clinic in Weston Florida.

2

14. On December 22, 2020, Plaintiff's physician at Cleveland Clinic provided Defendant with a doctor's note and requested that Defendant excuse Plaintiff from work until December 28, 2020 because of her serious medical condition.

15. However, Defendant ignored Plaintiff's doctor's note which excused her from work from December 22, 2020 through December 28, 2020. Instead, Defendant disciplined Plaintiff and penalized her with double disciplinary points because she missed work from December 22, 2020 through December 24, 2020. Specifically, Defendant punished Plaintiff with double disciplinary points because her absences from December 22, 2020 through December 24, 2020 occurred prior to a holiday.

16. On December 24, 2020, Defendant granted Plaintiff's FMLA leave request for 480 hours.

17. On January 5, 2021, Defendant terminated Plaintiff because of "excessive absences." Notably, Defendant provided Plaintiff with a corrective action plan which listed her absences between December 22, 2020 and December 24, 2020 as incidents that caused her termination, even though Plaintiff provided Defendant with a doctor's note to excuse her absences between December 22, 2020 and December 24, 2020.

18. Plaintiff fully complied with her obligation to provide Defendant with timely notice of her need for FMLA leave.  Accordingly, Plaintiff was entitled to the full protection of the FMLA, including restoration to her position upon returning from leave and protection from retaliation.

19. The temporal proximity of Plaintiff's request for FMLA leave and her termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights.

20. Furthermore, Defendant's inclusion of Plaintiff's absences from December 22, 2020 through December 24, 2020 is direct evidence of unlawful FMLA interference and retaliation.

21. As a result of this illegal termination, Plaintiff suffered damages, including loss of her opportunity to earn employment wages, benefits, and other remuneration to which she was entitled.

22. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for seeking FMLA leave.

23. Defendant's FMLA retaliation against Plaintiff was intentional and/or purposeful.

24. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

25. Plaintiff has attempted to mitigate her damages.

## COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA

26. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 25 above.

27. At all times relevant hereto, Plaintiff was protected by the FMLA.

28. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA protected leave.

29. As a result of Defendant's intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, YOSELYN WRIGHT, demands judgment against Defendant, CLEVELAND CLINIC FLORIDA (a non-profit corporation), and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages provided for under the FMLA,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## <u>COUNT II – UNLAWFUL RETALIATION UNDER THE FMLA</u>

31. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 25 above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

34. Defendant retaliated against Plaintiff when Defendant placed Plaintiff on a corrective action plan and penalized Plaintiff in December 2020 for missing work due to a serious health condition, as that term is defined by the FMLA.

35. Defendant further retaliated against Plaintiff when it terminated her on January 5, 2021, just 12-days after Defendant approved Plaintiff's FMLA request, and only 6-days before her scheduled neck surgery.

36. Defendant does not have a lawful reason for terminating Plaintiff, and any alleged lawful reason Defendant furnishes for Plaintiff's termination is pretextual.

37. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her right to take leave pursuant to the FMLA.

38. As a result of Defendant's intentional, willful and unlawful retaliation against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, YOSELYN WRIGHT, demands judgment against Defendant, CLEVELAND CLINIC FLORIDA (a non-profit corporation), and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, YOSELYN WRIGHT, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 8th day of February 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTIEN, ESQUIRE
Florida Bar No. 1017746
*jordan@jordanrichardspllc.com*
*melissa@jordanrichardspllc.com*
*jake@jordanrichardspllc.com*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February

8, 2021.

By: *<u>/s/ Jordan Richards, Esquire</u>*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**<u>SERVICE LIST:</u>**